United States District Court
Southern District of Texas
**ENTERED**
April 20, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS H. CLAY, TDCJ #1124123, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-0614 |
| CORRECTIONAL MANAGED HEALTH CARE EMPLOYEES, et al., | § § § § | APPEAL NO. 18-20192 |
| Defendants. | § | |

### ORDER AND SANCTION WARNING

On February 28, 2018, the court denied "Plaintiff's Pre-Filing Authorization Motion to File 42 U.S.C. § 1983 Being Under Imminent Danger of Serious Physical Injury or Death under 28 U.S.C. § 1915(g) Exception Clause," and dismissed this case pursuant to a preclusion order entered against him previously. On April 3, 2018, the court denied Clay's Application to Proceed In Forma Pauperis on appeal from that decision he is barred from filing any civil action or appeal as a pauper by the three-strikes rule found in § 1915(g). Clay has now filed a motion for relief under Rule 59(e) of the Federal Rules of Civil Procedure, repeating his argument that he does not have three-strikes.

The court has rejected Clay's arguments previously.[1] In doing so, the court observed that the Fifth Circuit has determined that Clay is barred from proceeding in forma pauperis by the three-strikes rule. See Clay v. Stephens, Appeal No. 14-20163 (5th Cir. Mar. 13, 2015) (dismissing Clay's appeal as "frivolous" and adding that the "dismissal of this appeal as frivolous counts as yet another strike under § 1915(g)"). That determination was affirmed by the Supreme Court, which added its own sanction against Clay for his abusive litigation tactics. See Clay v. Stephens, No. 15-6142 (Nov. 30, 2015) (dismissing Clay's petition for a writ of certiorari and barring him from proceeding in forma pauperis in future Supreme Court proceedings because he "has repeatedly abused [the Supreme Court's] process"). Continuing his pattern of abusive practices, Clay steadfastly refuses to acknowledge these holdings or the sanctions imposed against him previously. He does not otherwise show that he is entitled to relief under Rule 59(e).

Therefore, the court **ORDERS** as follows:

1. Clay's pending Rule 59(e) motion (Docket Entry No. 16) is **DENIED**.

2. Clay is already a restricted filer who has been denied permission to proceed with this lawsuit. Because this case is now on appeal there is no further avenue for relief in this court. In light of Clay's record of

---

[1] Order of Dismissal, Docket Entry No. 4, pp. 3-4; Order, Docket Entry No. 9, p. 2.

abusive litigation practices, Clay is **WARNED** that any future repetitive motions or meritless pleadings filed by him in this closed case will result in additional sanctions and monetary penalties without further notice. The Clerk shall provide a copy of this Order to the plaintiff by certified mail, return receipt requested.

**SIGNED** at Houston, Texas, on this 20th day of April, 2018.

------

SIM LAKE
UNITED STATES DISTRICT JUDGE